# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10292-ADB |
| | ) | |
| STEPHEN M. DeBERARDINIS, | ) | |
| | ) | |
| Defendant | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S
## FIRST AND SECOND MOTIONS FOR RELEASE

The Court should continue to detain Defendant DeBerardinis, notwithstanding the materials he submitted in his "Supplement[s] for Consideration Re: Detention Proceedings." (ECF Nos. 17, 28).

First, the defendant is dangerous and unlikely to comply with conditions of release, as demonstrated by his lengthy criminal record; his history of defaults and violations of state court probation; his history of convictions for violations of civil restraining orders; and other evidence presented at the detention hearing. The government presented clear and convincing evidence as to his dangerousness and likelihood of retaliating against witnesses, and a preponderance of evidence as to his likelihood of violating conditions of release.

Second, the Court should doubt the assessments of the defendant's character witnesses because those generous assessments of his peaceful nature and compliance are inconsistent with the defendant's clear record to the contrary and other evidence presented to the Court. The Court need not doubt those witnesses' credibility; it need only find that their perspective and basis for knowledge is more limited than the evidence before the Court.

Third, the Court should reject the argument that the purposes of 18 U.S.C. § 3142 would reasonably satisfied if the Court merely returned the defendant to his home, his family, and his

pre-detention mental health regimen. They wouldn't. The defendant's home, family, and prior regimen failed to prevent him from earning 107 entries on his criminal record and from committing the crimes for which he was indicted. Additional conditions would do no better, given the defendant's extensive track record, especially his professed willingness to lie to law enforcement officers. *See* Gov't Ex. 2 at the October 8, 2021 detention hearing ("I don't need to lie UNLESS it's to the law lol . . ."). A restriction on internet use would be unlikely to work, given the continued presence of multiple adults in the house who likely have internet-enabled computers, tablets, and cellphones. While the government acknowledges that the defendant's family wants him to come home, many defendants have families who love them and need them. Yet the victims' and the public's needs come first.

Fourth, the Court should discount heavily any argument that the defendant should return home on the ground that the medications he is taking in detention differ from those he took pre-detention. As noted above, whatever the defendant took in the past has not stopped him from engaging in criminal behavior. Furthermore, the defendant has not shown that his current regimen in detention does not work, only that it involves different medications. Caselaw instructs courts to defer to the judgment of medical professionals: "The law is clear that where two alternative courses of medical treatment exist, and both alleviate negative effects within the boundaries of modern medicine, it is not the place of our court to second guess medical judgments or to require that the DOC adopt the more compassionate of two adequate options." *Kosilek v. Spencer*, 774 F.3d 63, 90 (1st Cir. 2014) (*en banc*) (internal citations omitted) (denying relief to prisoner who sought a specific medical treatment that was not recommended by prison medical staff). Even if some of the different medications prescribed to the defendant have side effects, the defendant has

not shown that his needs could not be resolved through further consultation with prison medical staff or another combination of medications.

Finally, any concerns for the defendant's health are outweighed by the danger he poses to the public. *Cf. United States v. Marrero*, No. CR 19-10459-RWZ, 2020 WL 2520109, at *2 (D. Mass. May 4, 2020) (Boal, M.J.) (denying defendant's motion for compassionate release because "[e]ven assuming that Marrero's conditions put him at higher risk, however, he poses a serious danger to the community, the proposed conditions do not alleviate that concern, and the risk of danger posed by his release outweighs any compassionate considerations."), *motion to revoke magistrate judge's decision denied,* 2020 WL 5946620 (D. Mass. Oct. 7, 2020) (Zobel, D.J.).

For these reasons, and those expressed by the government in hearings before the Court, the defendant should be detained under 18 U.S.C. §§ 3142(f)(1) (danger to community), (f)(2)(B) (risk of obstructing justice and threatening a witness), and (f)(2)(A) (risk of flight).

Respectfully submitted this 15th of December 2021,

NATHANIEL R. MENDELL
Acting United States Attorney

*/s/ Torey B. Cummings*
Scott L. Garland
Torey B. Cummings
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify this 15th of December 2021 that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/Torey B. Cummings*
Torey B. Cummings
Assistant U.S. Attorney