# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  21-10292-ADB |
| Stephen DeBeradinis | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☒ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☒ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
     **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☒ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☒ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Stephen DeBerardinis (hereinafter, "the defendant") is charged in a three-count Indictment with transmitting in interstate commerce a threat to injure the person of another; tampering with a witness and victim by intimidation, threat, and corrupt persuasion; and tampering with a witness and victim by harassment.

At the detention hearing, the government proceeded by proffer per the agreement of the parties.  The defendant is accused of making violent, racist, hateful, and threatening statements on Facebook to an interracial couple who had recently announced their engagement on social media.  The defendant knew the identity of the couple.

Excerpts from the defendant's Facebook account were obtained pursuant to search warrant.  The language directed at the couple is blatantly racist, intimidating, and full of threatening words.  There are explicit references to physical and sexual violence.  The language implies that if the couple were to reach out to law enforcement in response to the threats, they would be met with consequences involving physical harm, which is implied in the defendant's remark "SNITCHES GET STITCHES."  The excerpts are replete with intense racial bias and threats of violence.  In addition, photographs taken from the defendant's Facebook account show multiple firearms.

A search of the defendant's home incident to his arrest resulted in the recovery of dozens of knives of numerous types, including switchblades.  In addition, agents seized bullets, several stun guns of different types, a muzzle loaded rifle with a scope, a .44 caliber black powder pistol, 21 brass knuckles, swords, a pellet pistol, and other items.

The 45-year-old defendant was born in Brookline, Massachusetts and has lived in the family home, which is in Hyde Park and owned by his mother, with his mother and other family members for his entire life.  The Pretrial Services report is silent regarding the defendant's education.  At the time of his arrest, the defendant worked as a sales representative for an online company that sells uniforms and supplies to martial arts schools, as well as related equipment including a variety of knives, handcuffs, holsters for firearms, batons, swords, handcuffs, and metal knuckles.

The defendant is single and has been in a relationship with Lindsay Walsh (hereinafter, "Ms. Walsh") for the past eight years.  They are engaged and share an infant son.  Ms. Walsh also has a seven-year-old son from a prior relationship.  They all reside in the defendant's family home in Hyde Park with the defendant's mother.  The defendant has a 21-year-old daughter from a prior relationship.  Both the defendant's daughter and her mother have lifetime abuse prevention orders against him.

According to the Pretrial Services report, the defendant has a mental health history that dates back to his childhood.  He has been prescribed various medications and psychotropic drugs for most of his life.  He listed his diagnoses as depression, bipolar disorder, and anxiety.  He reported a suicide attempt in 1999.  At the time of his arrest, the defendant was taking various prescribed medications, including Adderall, for his psychiatric conditions.

The defendant has an extensive and serious criminal record.  It spans over two decades and has over 100 hundred entries and more than 30 convictions in at least 15 different courts.  It includes multiple convictions for larceny, attempting to commit a crime, impersonating a police officer (four times), larceny by check, arson of a dwelling house, making a false report of a crime (multiple times), uttering a counterfeit note, identity fraud, withholding evidence, making a false 911 call, threatening, larceny from a single scheme, and larceny from a building.  In addition, he has been found guilty of violating an abuse prevention order on five occasions.  Currently, the defendant has open cases in two courts.  In the West Roxbury District Court, the defendant is charged with assault with a sword.  In the Dedham District Court, he is charged with violation of an abuse prevention order.  The defendant's criminal history includes at least 13 defaults and 17 probation violations.

From 2011 to the present, the defendant has been the subject of 13 abuse prevention orders requested by 12 different men and women.  Members of his own extended family, including his brother, his daughter, the mother of his daughter, his brother's girlfriend, and, most significantly, his own mother, are among the individuals who have obtained abuse prevention orders against the defendant.

The defendant seeks release to return to his family home in Hyde Park to be of assistance to his elderly mother, who this court notes had a restraining order against the defendant in 2008, and his fiancée.  In addition, he argues thar he is not receiving his preferred psychiatric medications while incarcerated.

In support of these arguments, the defendant submitted letters of support from his fiancée, family friends, and his 11-year-old niece.  In addition, this court reviewed a November 16, 2021 letter from his treating physician, Dr. Rahul Gupta ("Dr. Gupta"), of the Brigham Outpatient Psychiatry Department at the Faulkner Hospital in Boston.

Dr. Gupta states that the defendant has been under his care since April 1, 2019, with a diagnosis of "Bipolar Disorder, ADHD Unspecified."  Dr. Gupta states that his letter "is being written to advocate that consistency with his medications is important for the management of his [the defendant] mental health condition."  Dr. Gupta's letter does not list the medications.  A subsequent letter dated November 23, 2021, lists the defendant's four medications and notes that the defendant has been on the medication regimen since March of 2020.

A communication dated December 1, 2021, between defense counsel and Jill Sayward, L.I.C.S.W., Special Management Clinical Specialist, at the Plymouth County Correctional Facility (hereinafter, "Plymouth"), where the defendant is being held, confirms that the defendant is receiving one of the medications.  He has declined alternative medications proposed by the facility for two other medications, and the fourth medication, Adderall, is never offered at the facility.  Dr. Gupta offers no comment on the alternative medications offered at Plymouth.

After a careful and thorough review of the defendant's personal characteristics, background, criminal history, the submissions of the parties, the recommendation by Pretrial Services, and the relevant case law, this court is convinced that the defendant presents a risk of serious danger to the community and cannot be released. The defendant has continuously committed crime for over two decades. Many of the defendant's crimes have involved violence. His proclivity for violent behavior has resulted in 13 restraining orders including two lifetime orders. One of the victims stated that she lives in fear of the defendant every day. In addition, the retaliatory language in the defendant's Facebook posts suggests that there is a substantial risk of obstruction of justice. Finally, although the defendant is a lifelong resident of Boston, his criminal history is replete with defaults, and he cannot be expected to appear as required.

This court finds by clear and convincing evidence that the defendant presents a danger to the community and there is a risk that he will obstruct justice and there are no conditions or combination of conditions that will assure the safety of the community if the defendant is released.

In addition, this court finds by a fair preponderance of the evidence that the defendant constitutes a serious risk of failure to appear.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: January 26, 2022

_____
Marianne B. Bowler
United States Magistrate Judge

