UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 21-cr-10292-ADB |
| | * | |
| STEPHEN DEBERARDINIS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER ON DEFENDANT'S
APPEAL OF DETENTION ORDER**

BURROUGHS, D.J.

Defendant Stephen DeBerardinis ("DeBerardinis") seeks an order reversing Magistrate

Judge Marianne Bowler's December 22, 2021 Order of Detention Pending Trial, see [ECF Nos.

34, 45], and requests that the Court release him pending trial, subject to specific conditions,

[ECF No. 44].  For the reasons set forth below, DeBerardinis' motion is DENIED.

I.     **BACKGROUND**

On September 28, 2021, the Government charged DeBerardinis in a three-count

Indictment with (1) transmitting in interstate and foreign commerce a threat to injure the person

of another (18 U.S.C. § 875(c)); (2) tampering with a witness and victim by intimidation, threats,

and corrupt persuasion (18 U.S.C. § 1512(b)(3)); and (3) tampering with a witness and victim by

harassment (18 U.S.C. § 1512(d)(2)).  [ECF No. 1].  Specifically, DeBerardinis is accused of

making violent, racist, and threatening statements on Facebook to an interracial couple who had

recently announced their engagement on social media.  See [id.].  Magistrate Judge Bowler

issued an arrest warrant, and shortly thereafter, DeBerardinis was arrested.  [Un-numbered

docket entry dated Sept. 29, 2021 ("Arrest of Stephen M. DeBerardinis")].  At his initial

appearance before Magistrate Judge Bowler, the Government moved for detention pursuant to 18 U.S.C. § 3142 (f)(1) (danger to the community), § (f)(2)(B) (risk of obstruction of justice and threatening a witness), and § (f)(2)(A) (risk of flight).  See [ECF No. 44 at 1].  Magistrate Judge Bowler conducted three detention hearings, on October 8, November 23, and December 22, after which she found that the Government had demonstrated by "clear and convincing evidence that [DeBerardinis] presents a danger to the community and there is a risk he will obstruct justice and there are no conditions or combination of conditions that will answer the safety of the community if [DeBerardinis] is released[]" and also that it had shown by a "preponderance of the evidence that [DeBerardinis] constitutes a serious risk of failure to appear."  [ECF No. 45 at 5]. In support of her conclusion, Magistrate Judge Bowler made the following findings:

> Excerpts from [DeBerardinis'] Facebook account were obtained pursuant to search warrant. The language directed at the couple is blatantly racist, intimidating, and full of threatening words. There are explicit references to physical and sexual violence. The language implies that if the couple were to reach out to law enforcement in response to the threats, they would be met with consequences involving physical harm, which is implied in [DeBerardinis'] remark "SNITCHES GET STITCHES." The excerpts are replete with intense racial bias and threats of violence. In addition, photographs taken from [DeBerardinis'] Facebook account show multiple firearms.

> A search of [DeBerardinis'] home incident to his arrest resulted in the recovery of dozens of knives of numerous types, including switchblades. In addition, agents seized bullets, several stun guns of different types, a muzzle loaded rifle with a scope, a .44 caliber black powder pistol, 21 brass knuckles, swords, a pellet pistol, and other items.

> *       *       *

> [DeBerardinis] has an extensive and serious criminal record. It spans over two decades and has over 100 hundred entries and more than 30 convictions in at least 15 different courts. It includes multiple convictions for larceny, attempting to commit a crime, impersonating a police officer (four times), larceny by check, arson of a dwelling house, making a false report of a crime (multiple times), uttering a counterfeit note, identity fraud, withholding evidence, making a false 911 call, threatening, larceny from a single scheme, and larceny from a building. In addition, he has been found guilty of violating an abuse prevention order on five occasions.

Currently, [DeBerardinis] has open cases in two courts. In the West Roxbury District Court, [DeBerardinis] is charged with assault with a sword. In the Dedham District Court, he is charged with violation of an abuse prevention order. [DeBerardinis'] criminal history includes at least 13 defaults and 17 probation violations.

From 2011 to the present, [DeBerardinis] has been the subject of 13 abuse prevention orders requested by 12 different men and women. Members of his own extended family, including his brother, his daughter, the mother of his daughter, his brother's girlfriend, and, most significantly, his own mother, are among the individuals who have obtained abuse prevention orders against [DeBerardinis].

*       *       *

After a careful and thorough review of [DeBerardinis'] personal characteristics, background, criminal history, the submissions of the parties, the recommendation by Pretrial Services, and the relevant case law, this court is convinced that [DeBerardinis] presents a risk of serious danger to the community and cannot be released. [DeBerardinis] has continuously committed crime for over two decades. Many of [DeBerardinis'] crimes have involved violence. His proclivity for violent behavior has resulted in 13 restraining orders including two lifetime orders. One of the victims stated that she lives in fear of [DeBerardinis] every day. In addition, the retaliatory language in [DeBerardinis'] Facebook posts suggests that there is a substantial risk of obstruction of justice. Finally, although [DeBerardinis] is a lifelong resident of Boston, his criminal history is replete with defaults, and he cannot be expected to appear as required.

This court finds by clear and convincing evidence that [DeBerardinis] presents a danger to the community and there is a risk that he will obstruct justice and there are no conditions or combination of conditions that will assure the safety of the community if [DeBerardinis] is released.

[Id. at 3–5].

On December 31, 2021, DeBerardinis appealed Magistrate Judge Bowler's order of detention, [ECF No. 32], and then filed the instant motion for release from custody on January 26, 2022, [ECF No. 44]. A hearing on the appeal and the motion was held on January 28, 2022 before this Court.[1]  See [ECF No. 46].

---

[1] At this hearing, DeBerardinis requested that the Court strike as irrelevant and hearsay Government's Exhibit 8, which is a news article containing references to other violent threats allegedly made by DeBerardinis that are unrelated to the claims in the Indictment.  Though the

## II.      LEGAL STANDARD

"Under the Bail Reform Act, 18 U.S.C. § 3142, release of a defendant is warranted if there are conditions of release that will reasonably assure the defendant's appearance and the safety of others and the community." United States v. McForbes, 109 F. Supp. 3d 365, 366–67 (D. Mass. 2015).  Conversely, "[i]f, after a hearing . . . , the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  18 U.S.C. § 3142(e)(1).

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including—
> >
> > > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > >
> > > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> >
> > (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

---

Federal Rules of Evidence do not apply to detention hearings and, as such, a court may consider reliable hearsay evidence, see 18 U.S.C. § 3142(f)(2); United States v. Acevedo–Ramos, 755 F.2d 203, 204–06 (1st Cir. 1985), the Court, in its discretion, has not relied on Exhibit 8 in deciding DeBerardinis' motion for release.

18 U.S.C. § 3142(g).

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).

When the Court reviews a detention order, it "must engage in *de novo* review of the contested order." United States v. Diaz, 456 F. Supp. 3d 320, 322 (D. Mass. 2020) (citing United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017)).  "In doing so, the Court may reject the magistrate judge's fact finding and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional facts and argument." Id.

## III.    DISCUSSION

The Court finds, consistent with Magistrate Judge Bowler's order, that pretrial detention for DeBerardinis is appropriate.

First, the nature of the offense and the weight of evidence against DeBerardinis support pretrial detention.  See 18 U.S.C. § 3142(g)(1)–(2).  The charges involve serious, racially motivated threats of violence and obstruction of justice, and the evidence is strong.  As Magistrate Judge Bowler noted, see [ECF No. 45 at 3], excerpts from DeBerardinis' Facebook account, obtained via search warrant, revealed explicit references to physical and sexual violence, including an emphasis on threats of physical harm if the victim couple were to reach out to law enforcement.  See [ECF Nos. 49, 49-1 (Gov. Exh. 1–2); ECF No. 1 ¶¶ 6–17].  For example, after the couple told DeBerardinis that they were reporting him to the police, DeBerardinis sent them a picture of brass knuckles with "SNITCHES GET STITCHES" written around it and then threatened the victims with burning them alive and cutting off their body parts.  [ECF No. 1 ¶¶ 13, 15; ECF No. 47 at 2, 5–6].  The ability of DeBerardinis to carry out

these threats was evidenced by the "dozens of knives of numerous types, including switchblades . . . bullets, several stun guns of different types, a muzzle loaded rifle with a scope, a .44 caliber black powder pistol, 21 brass knuckles, swords, a pellet pistol, and other items," which were found during a search of his home incident to his arrest.  [ECF No. 45 at 3]; see also [ECF No. 49-2 (Gov. Exh. 3 (photos of weapons recovered from search)); ECF No. 49-3 (Gov. Exh. 4 (inventory of search)).  There are also photos of firearms on the Facebook account that is in DeBerardinis' name, contains numerous photographs of him (including the profile picture), and is linked with phone numbers and IP addresses that appear to be used by him.  [ECF No. 45 at 3; ECF No. 47 at 8–9].

Second, the Court finds that DeBerardinis' personal history and characteristics support the conclusion that he poses a danger to the community and cannot be expected to appear before the Court.  See 18 U.S.C. § 3142(g)(3)–(4).  DeBerardinis has a lengthy and serious criminal record that "spans over two decades and has over 100 hundred entries and more than 30 convictions in at least 15 different courts," and includes many violent offenses.  [ECF No. 45 at 4]; see also [ECF No. 47 at 2–3; ECF No. 49-6 (Gov. Exh. 7)].  Moreover, DeBerardinis has been the subject of 13 abuse prevention orders requested by 12 different individuals, including several family members, and has been found guilty of violating abuse prevention orders on five occasions.  [ECF No. 45 at 4].  DeBerardinis contends his good behavior in the months between the charged conduct and his arrest, during which he did not contact the couple again or engage in any other criminal conduct, demonstrates that he is not a danger to them or anyone else in the community.  See [ECF No. 44 at 3].  DeBerardinis' statements, however, explicitly threatened retaliatorily violence if the couple contacted law enforcement, which he now knows for certain they have done.  Like Magistrate Judge Bowler, the Court finds that DeBerardinis' subsequent

arrest represents a significant change in circumstances that heightens the risk of dangerousness and presents "a substantial risk of obstruction of justice."  [ECF No. 45 at 5].

Although the Court understands that DeBerardinis has meaningful ties to the community and a strong family support system, he also has a criminal history, replete with defaults, that evidences a repeated failure to respect legal authority.  See [ECF No. 45 at 5].  The Court finds that the risk of non-appearance and the danger to the community cannot not be sufficiently mitigated by the conditions suggested on behalf of DeBerardinis.  First, he would be returning to the same residence from which he allegedly committed the instant offenses as well as past offenses.  Further, restricting computer and internet use in a home shared with others is difficult. Although the Court applauds the programming at the Roxbury District Court Mental Health Court and their willingness to continue working with DeBerardinis, his past participation in this same program has seemingly failed to reduce his criminal activity.  See [ECF No. 47 at 8; ECF No. 26 at 16, ¶¶ 21–22].  All told, the § 3142(g) factors amply support Magistrate Judge Bowler's conclusion.

Finally, DeBerardinis has requested release so he can provide essential support for his family and to properly treat his long-term mental health issues.  See [ECF No. 44 at 2–3].  While the Court is sensitive to those needs, and was moved by the letters submitted on his behalf, his mental health and the wants of his family do not outweigh the other factors that the Court must consider—almost all of which weigh heavily against him.

**IV.**      **CONCLUSION**

For the reasons stated above, Magistrate Judge Bowler's conclusion was well-reasoned and amply supported by the evidence before her, and upon *de novo* review, the Court agrees that pretrial detention is warranted.  DeBerardinis' motion, [ECF No. 44], is therefore <u>DENIED</u>.

**SO ORDERED.**

February 17, 2022                              /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE