UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>STEPHEN M. DeBERARDINIS,         )<br>)<br>           Defendant            ) | Criminal No. 21-cr-10292-ADB |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER PRETRIAL RELEASE ON CONDITIONS

The Court should continue to detain Defendant DeBerardinis and deny his request for a new hearing, notwithstanding the materials he submitted in his "Motion to Reconsider Pretrial Release on Conditions Based on Due Process and Changed Circumstances." The defendant has not provided the Court with facts that (1) were not known to him at the time of the original detention order and (2) are material to the issues of assuring his appearance as required and the safety of the community. As such, the Court should not reopen DeBerardinis's hearing. Further, due process does not require DeBerardinis's release.

### PROCEDURAL BACKGROUND

DeBerardinis was arrested and detained on September 29, 2021. This Court (Bowler, M.J.) held three detention hearings (ECF Nos. 13, 25, 31). The defendant submitted multiple briefs, several letters of support, information regarding his family, and information about his mental health. The letters the Defendant submitted to the Court included information regarding his mother's health condition and caring for his infant son. *See, e.g.*, ECF Nos. 15, 17-1, 17-2, 17-3, 24, 28-1. After carefully weighing all of the evidence, this Court concluded that the defendant is a danger to the community, there is a substantial risk he will obstruct justice, and he

is unlikely to comply with the Court's orders. The Court therefore ordered him detained. ECF No. 45.

DeBerardinis filed an appeal of the Magistrate Judge decision to the District Court on December 31, 2021. ECF No. 32. After conducting a hearing and considering the evidence, on February 17, 2022, the District Court (Burroughs, J.) affirmed the Magistrate Judge and denied defendant's motion to revoke his order of detention. ECF No. 51. DeBerardinis filed an appeal of the District Court's decision to the First Circuit Court of Appeals. The First Circuit denied the appeal on June 3, 2022, affirming DeBerardinis's detention order. (Case No. 22-1123.) DeBerardinis then filed this motion on February 26, 2023 asking the Court to reconsider pretrial release.

## **ARGUMENT**

### I. Defendant has not shown information that was not available at the prior hearing that is also material to the issue of detention

First, there is no requirement for a court to reopen a detention hearing. 18 U.S.C. § 3142(f)(2)'s "use of the word 'may' indicates discretion on the part of the district court," even if a defendant submits new information that is material. *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012). To reopen a detention hearing, a defendant must show that: (1) there is new information that did not exist or was unknowable by the defendant at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. *Watson,* 475 F. App'x at 600; *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988).

DeBerardinis proffers two alleged changes in his family life as new information. First, defendant's mother, Shirley DeBerardinis, was hospitalized in October 2022 for a heart

condition. Second, DCF opened an investigation into defendant's fiancée, Lindsey Walsh, and Ms. Walsh is struggling to raise her and DeBerardinis's two-year-old son. DeBerardinis asserts that he must be able to assist his family as they navigate these circumstances.

Shirley DeBerardinis's heart condition is not new; it existed and was known to the defendant at the time of his previous hearings. Defendant's counsel filed a letter from Shirley DeBerardinis's doctor on November 12, 2021 (ECF No. 17-1) stating that Shirley DeBerardinis received care for Chronic Obstructive Pulmonary Disease and Hypertension. In his 2021 letter, Shirley DeBerardinis's doctor wrote that Shirley DeBerardinis would benefit from the emotional and financial support her son could provide if he was released from detention. As such, the circumstances of Shirley DeBerardinis's condition were known to all parties at the time of defendant's last detention hearing. Shirley DeBerardinis's request for care and support as she navigates her heart condition is thus does not constitute new information that did not exist or was unknowable by the defendant at the time of the hearing.

Similarly, Lindsey Walsh's concerns, while unfortunate, do not differ from the challenges she reported facing prior to DeBerardinis's last hearing. In her January 4, 2023 letter, Ms. Walsh wrote that she was struggling emotionally and financially without DeBerardinis, that her sons needed their father, and that her older son was missing school. In a letter filed to the court on November 8, 2021 (ECF No. 15), Ms. Walsh shared that she was struggling to raise DeBerardinis's son without DeBerardinis's assistance. Ms. Walsh stated that DeBerardinis provided important financial and emotional support to her family and that he also assisted his mother. Ms. Walsh also noted that her older son started missing school after DeBerardinis's arrest. Ms. Walsh's January 2023 concerns mirror those from her November 2021 letter, and thus this information does not constitute new information for the purposes of this analysis. As

DeBerardinis has not provided the Court with new information that did not exist or was unknowable by the defendant at the time of the hearing, his hearing should not be reopened.

If the Court concludes that DeBerardinis did provide new information in his motion, DeBerardinis must also show that this information is "material" to warrant the reopening of his detention hearing. For the purposes of 18 U.S.C. § 3142(f)(2), information is "material" only if it indicates that the defendant is less likely to flee or fail to appear or that the defendant is less likely to pose a danger to the community or others. The information proffered by the defense here does not meet that standard. A defendant made a similar argument in a District of Utah case, *United States v. Simpson*, and the court ruled that the declining health of the defendant's parents had no "material bearing on whether there are conditions of release that [would] assure the safety of the community." 2010 WL 129793, at *4. (D. Utah, January 8, 2010). While it was "an unfortunate reality that a defendants' family may be disadvantaged by a defendant's pretrial detention… a moderate or even a major increase in the level of Defendant's family responsibilities resulting from his parents' declining health" has no material bearing on flight risk or community safety. *Id.* Here, as in *Simpson*, defendant's proffered information does not indicate that he is less likely to flee. Shirley DeBerardinis and Lindsey Walsh may be disadvantaged by DeBerardinis's pretrial detention, but the information does not indicate that DeBerardinis is less likely to pose a danger to the community or any other person. Accordingly, the information is not material, and the Court should not reopen the detention hearing.

II.     **Due Process Does Not Require Mr. DeBerardinis's Release**

The Second Circuit has identified four factors to be considered in determining if the pretrial detention is unconstitutionally excessive: (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4)

4

the strength of the evidence upon which the detention was based. *United States v. El–Hage*, 213 F.3d 74, 79 (2d Cir. 2000). *See also United States v. Zannino*, 798 F.2d 544, 547 (1st Cir. 1986) setting forth similar factors by quoting the Third Circuit's decision in *United States v. Accetturo*, 783 .2d 382, 388 (3d Cir.1986).

    a.   <u>Length of Expected Delay</u>

The length of detention alone is not dispositive and "will rarely by itself offend due process." *United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir.1993) (quoting *United States v. Orena*, 986 F.2d 628, 631 (2d Cir.1993)). The First Circuit has rejected speedy trial claims in cases with longer pretrial delays. *See, e.g., United States v. Lara*, 970 F.3d 68, 82-83 (1st Cir. 2020) (18-month delay); *United States v. Munoz-Amado*, 182 F.3d 57 (1st Cir. 1999) (19-month delay); *United States v. Reyes*, 24 F.4th 1, 29 (1st Cir. 2022) (26-month delay); *United States v. Muñoz-Franco*, 487 F.3d 25, 60-62 (1st Cir. 2007) (5-year delay).

    b. <u>Responsibility for Delay</u>

The Supreme Court has directed courts to assign "different weights" to "different reasons offered to explain the delay between arrest or indictment and trial." *Reyes*, 24 F.4th at 29 (quoting *Barker v. Wingo*, 407 U.S. 514, 531 (1972)). "[D]eliberate attempt[s] to delay the trial in order to hamper the defense should be weighted heavily against the government." *Barker*, 407 U.S. at 531. Where the "delay ... is caused by the defendant," it "does not count against the state at all," *RaShad v. Walsh*, 300 F.3d 27, 34 (1st Cir. 2002). The defendant bears the burden of proving bad faith or inefficiency on the part of the government in causing the delay. *See, e.g., Lara*, 970 F.3d at 82 (finding the "second factor point[ed] against ... a speedy trial violation" where the defendant "d[id] not identify any evidence that the delay was a product of bad faith or inefficiency on the government's part"). The First Circuit has declined to find a speedy trial

5

violation where the defense significantly contributed to the delay through filing its own requests for continuances or pretrial motions, see, e.g., *Muñoz-Franco*, 487 F.3d at 60-61. Here, the government is not responsible for the pretrial delay. The government completed its production of discovery related to the instant charges in April 2022. The government promptly responded to the defendant's additional discovery requests for native files and summary information in May and June of 2022. DeBerardinis has not alleged any bad faith or inefficiency on the part of the government in causing the delay.[1]

    c. Gravity of the Charges

A grand jury indicted the defendant for sending threats to injure another person in interstate commerce and obstructing justice through threats and harassment. The defendant harassed and threatened an interracial couple over Facebook on January 6, 2021. After the victims stated that they were going to report him to law enforcement, the defendant sent them a picture of brass knuckles with "SNITCHES GET STITCHES" written around it and threatened to burn one of the victims alive and cut off one of the victim's body parts and send them to their family, among other things.

    d. Strength of the evidence

The weight of the government's evidence against the defendant is strong. 18 U.S.C. § 3142(g)(1). Multiple pieces of evidence confirm that it was the defendant who threatened the victims. The Facebook account that sent the threats is in the defendant's name, the account's profile photo is a picture of the defendant, and the account has posted numerous photos of the defendant, many of which look like selfies. In addition, the account is linked to phone numbers

---

[1] In October 2022, the government produced additional discovery regarding uncharged criminal conduct.

and IP addresses that appear linked to or used by the defendant. Moreover, the account contains numerous other messages of violence and racism that are consistent with the threats and harassment made in this case. *See* Govt Ex. 1 from the January 27, 2022 detention hearing. Finally, the defendant owns brass knuckles and wears a t-shirt with a picture of brass knuckles surrounded by "SNITCHES GET STITCHES" that is very similar to the threat he sent the victims. *See* Govt Exs. 3,4, and 6 from the January 27, 2022 detention hearing. He also posted photos of a similar t-shirt with the same phrase.

Since the defense is responsible for the delays, the defendant's charges are severe, and the evidence against him is strong, due process does not require DeBerardinis's release.

## CONCLUSION

For the reasons set forth herein, the government respectfully opposes Mr. DeBerardinis's Motion to Reconsider Pretrial Release on Conditions Based on Due Process and Changed Circumstances. The defendant has not provided the Court with facts that (1) were not known to him at the time of the original detention order and (2) are material to the issues of assuring his appearance as required and the safety of the community. Further, due process does not require DeBerardinis's release. As such, the Court should not reopen DeBerardinis's hearing.

Respectfully submitted this 6th of March 2023,

                                              RACHAEL S. ROLLINS
                                              United States Attorney

                                              */s/ Nadine Pellegrini*
                                              Nadine Pellegrini
                                              Torey B. Cummings
                                              Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

    I hereby certify this 6th of March 2023 that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                    */s/ Nadine Pellegrini*
                                                    Nadine Pellegrini
                                                    Assistant U.S. Attorney