UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN DeBERARDINIS,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*  Case No. 21-cr-10292-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

**<u>MEMORANDUM AND ORDER ON RESTITUTION</u>**

BURROUGHS, D.J.

**I.   BACKGROUND**

On March 20, 2024, Defendant Stephen M. DeBerardinis pleaded guilty to three counts: 1) transmitting in interstate and foreign commerce a threat to injure the person of another, 18 U.S.C. § 875(c) (Count 1), 2) tampering with a witness and victim by intimidation, threats, and corrupt persuasion, <u>id.</u> § 1512(b)(3) (Count II), and 3) tampering with a witness and victim by harassment, <u>id.</u> § 1512(d)(2) (Count III).  [ECF No. 173 ("Rule 11 Hearing Tr.")].

On June 10, 2024, Defendant was sentenced on all three counts.  [ECF No. 175].  On June 20, 2024, the Government moved for restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 663A(c)(1)(A)(i) in the amount of $5,500.  [ECF No. 171]. Defendant filed an objection to the Government's request for restitution on July 25, 2024.  [ECF No. 172].

## II. DISCUSSION

The purpose of the MVRA is to make victims whole. See United States v. Naphaeng, 906 F.3d 173, 179 (1st Cir. 2018). "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). "Restitution must be ordered regardless of the defendant's present ability to pay." United States v. Lazar, 770 F. Supp. 2d 447, 450 (D. Mass. 2011) (citing United States v. Cheal, 389 F.3d 35, 53 (1st Cir. 2004)). "The court may take a defendant's financial resources into account only insofar as they affect the manner in which, and the schedule according to which, the restitution is to be paid." Cheal, 389 F.3d at 53 (citation and internal quotation marks omitted). As the First Circuit has explained:

> For the purpose of calculating restitution, actual loss is the beacon by which federal courts must steer. In this context, actual loss is limited to [the] pecuniary harm that would not have occurred but for the defendant's criminal activity. This standard obligates the government to show both that the particular loss would not have occurred but for the conduct undergirding the offense of conviction and that a causal nexus exists between the loss and the conduct — a nexus that is neither too remote factually nor too remote temporally.
>
> Restitution is serious business, but hearings to quantify restitution amounts should not be allowed to spawn mini-trials. As we previously have explained, we do not expect a sentencing court to undertake a full-blown trial in order to arrive at an appropriate restitution amount. Nor do we hold a sentencing court to a standard of absolute precision when fashioning restitution orders. In the end, we will uphold a sentencing court's restitution award [a]s long as the court's order reasonably responds to some reliable evidence.
>
> Although this standard is relatively modest in application, it has some teeth. A sentencing court's [m]ere guesswork will not suffice. Similarly, rough approximation[s] that do not sufficiently reflect[ ] . . . the losses of the victims are not appropriate grist for the restitution mill. The court must resolve any genuine and material

>disputes about the fact, cause, or amount of the loss by a preponderance of the evidence.

United States v. Simon, 12 F.4th 1, 64–65 (1st Cir. 2021) (citation and internal quotation marks omitted).

The Government seeks $5,500 in total restitution to the two victims (the "Victims") of Defendant's crimes. [ECF No. 171 at 1]. This amount includes 1) $500 for lost income, transportation, and other expenses incurred during their participation in the investigation or prosecution of the offenses or attendance at proceedings related to the offense, see 18 U.S.C. § 3663(b)(4), and 2) $5,000 spent by the Victims for home-security measures after they were threatened by Defendant. See generally [ECF No. 171]. Defendant objects to the Government's request on the basis that 1) the Government "fails to support its requests with any evidence whatsoever," [ECF No. 172 at 2], and 2) the costs associated with home security are not properly covered by the MVRA, [id. at 4–6].

Regarding the $500 in lost income, transportation, and other expenses, the Government concedes that the "Victims are both self-employed, so lost income is difficult to calculate, but estimates that they lost at least $500 in income, transportation, and other expenses for participating in this case." [ECF No. 171 at 7]. "[I]t is the government's burden to establish the amount of the victim's losses by preponderant evidence." United States v. Cardozo, 68 F.4th 725, 733 (1st Cir. 2023). Although the Government's factual support for this request is, by its own admission, barebones, the Court disagrees with Defendant's contention that the Government's request is devoid of evidentiary support. Rather, the record, including the Victims' own testimonial, supports a finding that the Government's modest request of $500 in restitution to compensate for lost wages caused by the Victims' participation in this case is warranted. Id. at 734 ("[T]he district court may consider all relevant information that has

3

'sufficient indicia of reliability to support its probable accuracy' . . . [and] has wide discretion to decide whether particular evidence is sufficiently reliable to be used at sentencing." (citations and internal quotation marks omitted)).  The Victims clearly lost wages participating in the investigation and prosecution of this case, including, as examples, preparing a written victim impact statement, appearing in Court to give their testimony in person, [ECF No. 175 at 11:24–16:16], and interfacing with both the FBI and the U.S. Attorney's Office during the course of this investigation, [id. at 15:4–14], all of which detracted from time available for their own work.  Despite the Government's failure to better quantify the exact amount of time spent and the value of the Victims' time, the Court finds the Victims' testimony and other aspects of the record sufficiently reliable to support the Government's request for $500, or $250 for each of the two victims, to compensate them for lost time, income, and potential other expenses associated with participating in this prosecution.  Although the MVRA requires "a 'reasonable determination of appropriate restitution,'" the Court "may resolve uncertainties 'with a view towards achieving fairness to the victim.'"  United States v. Innarelli, 524 F.3d 286, 294 (1st Cir. 2008) (first quoting United States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997); and then quoting United States v. Burdi, 414 F.3d 216, 221 (1st Cir. 2005)).  Indeed, the restitution amount likely undervalues the Victims' losses in this case based on the record.  Given the modest amount requested here, the Court concludes that denying restitution in the requested amount would undermine the purposes of the MVRA.  Cf. United States v. Workman, 71 F.4th 661, 664 (8th Cir. 2023) (vacating restitution award of $168,456 for Social Security fraud where government had failed to "present evidence to show the date on which Workman became ineligible for benefits").

As to the $5,000 requested as compensation for home-security measures, it is not clear to the Court that these damages are compensable under the MVRA.  To begin, although the Government does not specify the statutory basis for its request, the Court assumes the Government's motion is grounded in 18 U.S.C. § 3663(b)(4), which, as previously discussed, provides for reimbursement in all cases where the MVRA applies "for lost income and <u>necessary</u> child care, transportation, and <u>other expenses</u>," provided that such expenses are "related to <u>participation in the investigation</u> or <u>prosecution of the offense</u> or <u>attendance at proceedings</u> related to the offense." (Emphases added).[1]  The Supreme Court has cautioned, however, that while "the statute provides for mandatory restitution" for "necessary . . . other expenses," that phrase should be construed "narrow[ly]." <u>Lagos v. United States</u>, 584 U.S. 577, 582–83 (2018) (citation omitted); <u>see also</u> <u>United States v. Maynard</u>, 743 F.3d 374, 380 (2d Cir. 2014) (holding that additional security measures instituted by bank after robbery were not compensable under the MVRA because they "were not necessary to the investigation or prosecution of the offense"). The Government's argument appears to be that the home-security measures are compensable because they are a direct and proximate result of Defendant's criminal threats.  [ECF No. 171 at 2].  That, however, is not the legal standard under the MVRA, which would require a finding that the security measures fall within the "necessary… other expenses" contemplated by § 3663(b)(4).  Without more from the Government to establish how these expenses were

---

[1] The other categories, not applicable here, include: (1) in the case of an offense resulting in damage to or loss or destruction of property, return of the property or payment of the value of the property; (2) in the case of an offense resulting in bodily injury to a victim, pay equal to costs of necessary medical care, therapy, rehabilitation, and lost income; and, (3) in the case of an offense resulting in death of the victim, the cost of necessary funeral and related expenses.  18 U.S.C. §§ 3663A(b)(1)–(3).

"necessary to the investigation or prosecution of the offense" within the meaning of the MVRA, the Court declines to extend the statute to encompass these costs. Maynard, 743 F.3d at 379.

That said, even if these costs are compensable under the MVRA, the Government has provided little to no evidence that the $5,000 price tag is warranted. The Government concedes that it is unable to provide a receipt for the security system, and it points to no details about the system that would shed light on its value. [ECF No. 171 at 1–2]. The only evidence in the record comes from 1) the victim impact statement, in which the Victims state they spent "1000s of dollars on a security system," [ECF No. 175 at 14:2–4], and 2) a Forbes article from May 2024, provided by the Defendant, which claims that the average cost of installing a home security system is $600, [ECF No. 172-1 at 1]. Without more evidence of the value of the security system, any restitution award would amount to no more than "speculation and surmise." Vaknin, 112 F.3d at 587.

### III.   CONCLUSION

For the reasons set forth above, the Court orders restitution of $500.

**SO ORDERED.**

February 5, 2025                                                     /s/ Allison D. Burroughs
                                                                     ALLISON D. BURROUGHS
                                                                     U.S. DISTRICT JUDGE