UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| STEPHEN M. DeBERARDINIS, | * | Criminal Action No. 21-cr-10292-ADB |
| Defendant. | * | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE/COMPASSIONATE RELEASE**

BURROUGHS, D.J.

Currently before the Court is Stephen DeBerardinis' motion for reduction of sentence pursuant to 18 U.S.C. § 3582. [ECF No. 191]. For the reasons set forth below, the motion is **DENIED**.

## I. FACTUAL BACKGROUND

On March 20, 2024, DeBerardinis pled guilty to three counts, all related to his harassment of an interracial couple after they announced their engagement—namely transmitting in interstate commerce a threat to injure another person (Count One, 18 U.S.C. 875(c)); tampering with a witness by intimidation and threats (Count Two, 18 U.S.C. 1512(b)(3)); and tampering with a witness and victim by harassment (Count Three, 18 U.S.C. 1512(d)(2). [ECF No. 1]; [ECF No. 158]. At DeBerardinis's sentencing hearing on June 10, 2024, the Court determined that with an adjusted base offense level of 22, in criminal history category VI, the advisory guideline sentencing range was 84 to 105 months, [ECF No. 175 at 5], and then sentenced him to 90 months, [ECF No. 179]. He has been incarcerated since September 29, 2021, the date of his arrest on these offenses. [ECF No. 8].

DeBerardinis now seeks a reduction in his sentence, [ECF No. 191], based largely on his mother's health, and other family issues including financial strain caused by his absence. His mother has filed a letter in support of the petition to which she attached some of her medical information. [ECF No. 193]. The government opposes the motion, [ECF No. 192], averring that he has failed to exhaust his administrative remedies as required and, further, that he does not satisfy the standards for compassionate release, including that he does not present extraordinary or compelling circumstances, that he fails to show that the 18 U.S.C. § 3553(a) factors weigh in his favor, and that he remains a danger to the community. [Id.]. The Court, agreeing with the Government for the reasons articulated below, finds that DeBerardinis does not present circumstances—alone or in combination—that warrant his release at this time, and the motion is therefore denied.

## II. PROCEDURAL BACKGROUND

Defendant filed the instant motion on June 22, 2026, [ECF No. 191], the government opposed on July 6, 2026, [ECF No. 192] and Defendant filed a reply on August 3, 2026, [ECF No. 194].

## III. DISCUSSION

DeBerardinis seeks release under 18 U.S.C. § 3582(c)(1)(A). See [ECF No. 191]. Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons ("BOP"). The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the U.S. Sentencing Guidelines ("U.S.S.G.") further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, . . . ; and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

To begin, DeBerardinis makes no representations regarding whether he has exhausted his administrative remedies, although his reply to the government's opposition suggests that he did not do so. As the Government notes, the defendant bears the burden of establishing exhaustion. [ECF No. 192 at 4]. The Defendant's failure here to meet that burden is itself grounds to deny this motion. See United States v. Cruz-Rivera, 800 F. Supp. 3d 335, 342 (D.P.R. 2025) ("[Defendant] has the burden of showing that he exhausted administrative remedies prior to bringing [a compassionate release] claim before the Court."); cf. United States v. Portway, 506 F. Supp. 3d 102, 103 (D. Mass. 2020) (requiring that the defendant exhaust his administrative remedies before the court "may reach the merits of his petition for compassionate release"). Assuming for the sake of argument that DeBerardinis did in fact exhaust his administrative remedies, the Court will reach the merits of his petition.

As with exhaustion, DeBerardinis bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. See United States v. Jackson, 468 F. Supp. 3d 59, 65 (D.D.C. 2020). First, he must show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release. Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy. 18 U.S.C. § 3582(c)(1)(A).

**A. "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)**

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate. U.S.S.G. § 1B1.13(b)(1)–(3). Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that § 1B1.13(b)(5) operates as a "catchall provision" which "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." United States v. Holton, No. 08-cr-00553, 2024 WL 4893643, at *4 (D. Md. Nov. 25, 2024).

Bernardinis relies heavily on his mother's health, her need for assistance, and the strain that his absence is placing on the rest of his family. The Court is sympathetic to his familial situation, but, given the circumstances of this case, the availability of other caretakers, and the ambiguous record of "incapacitation," his mother's current situation does not constitute a

circumstance sufficiently "extraordinary" or "compelling" to warrant a sentence reduction at this time. See United States v. Mahoney, No. 17-cr-20424, 2022 WL 987179, at *2 (E.D. Mich. Mar. 31, 2022) ("[T]he fact that Defendant's mother suffers from medical hardships, while unfortunate, does not in and of itself create a compelling reason to release Defendant." (quoting United States v. Newton, 478 F. Supp. 3d 591, 595 (E.D. Mich. 2020) (alteration in original))). Further, like Defendant, whose mother is 82 years old, see [ECF No. 191-1 at 7], "[m]any, if not all inmates, have aging and sick parents" and "[s]uch circumstance is not extraordinary," Taveras, 731 F. Supp. 3d at 100 (alterations in original) (quoting United States v. Ingram, No. 14-cr-00040, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019)). The Court also notes that Defendant's mother's situation was presented and taken into account at his sentencing. [ECF No. 175 at 24–26].

**B. Dangerousness and the § 3553(a) Factors**

Although DeBerardinis has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether DeBerardinis is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2). Here, given his personal history and the nature and circumstances of the offenses of conviction, the Court cannot conclude that if released, he would not pose a danger to the safety of the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . .
(4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
. . . [and]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court weighs these factors against the reasons favoring DeBerardinis' immediate release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing DeBerardinis this early, given his reasons stated in support, would be inconsistent with the purposes of sentencing including punishment and deterrence. In reaching this conclusion, the Court notes that DeBerardinis received a 90-month sentence, which was within the advisory sentencing guideline range. He has served just over 60% of the sentence imposed. Even assuming that a sentence reduction could theoretically be appropriate at some point, none of the section 3553(a) factors support such a reduction here when the defendant has served only this percentage of his sentence.

## IV. CONCLUSION

The Court finds that DeBerardinis has failed to meet his burden of demonstrating that compassionate release or a sentence reduction is justified. Accordingly, DeBerardinis' motion for a sentence reduction, [ECF No. 191], is **DENIED**.

While DeBerardinis's current request for relief is denied for the foregoing reasons, the Court notes that in his reply, DeBerardinis states that he is "not . . . asking for years off of [his]

sentence, just maybe 6 months." [ECF No. 194 at 2]. The Court would be more inclined to consider a compassionate release motion, in the future, when the timeline is more consistent with the six-month reduction referenced by DeBerardinis, and provided he satisfies the compassionate release requirements discussed above, which include exhausting his administrative remedies.

**SO ORDERED.**

August 17, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE